FRED L. MENTEL v. L. H. McCAMMON BROS., AND S. W. AMISS.

PAYMENT OF MONEY BY GARNISHEE.

Payment of money by a garnishee, to one claiming it in lieu of homestead by a defective affidavit does not affect the rights of the parties.

HEARD ON ERROR to the Common Pleas Court.

L. H. McCammon Bros., sued Amiss before a magistrate, and garnisheed Fred L. Mentel. The garnishee paid the money into court, and Amiss having claimed homestead exemption, the magistrate turned the money over to him. On appeal to the common pleas, Amiss failed to appear, and judgment for the amount of the claim against him was given against the garnishee.

SWING, J.

We are of the opinion that the record in this case fairly shows that the codefendant, Amiss, brought himself within the provisions of section 5441, revised statutes. It is true that the affidavit of Amiss is carelessly drawn, and that it does not show definitely what amount of property he is the owner of. But we think it should be taken for granted that he is not the owner of $500 of personal property by an amount equal to the amount claimed herein, to wit, $29.

Neither does the record show that Amiss in terms selected this particular property for his exemption under this section; and yet this is what he was undertaking to do, and while not accurately done, we think it should be held that he did so select this property.

The fact that the garnishee had paid the money into the justice's court, who had paid the money over to Amiss pending the appeal (as being exempt from execution), does not affect the rights of the parties. It seems to us that the plaintiff below cannot be heard to say that because Amiss had received his money from the garnishee he could no longer claim it as exempt. McCammon's only right to have this money paid on the judgment was on the basis of its being the money of Amiss.

If Mentel does not hold this money as the money of Amiss (who is indebted to McCammon), McCammon has no claim upon it; and if it is Amiss' money, then he (Amiss) has the right to claim the exemption.

The court of common pleas having held a contrary view of the law, we think it was in error, and that its judgment should be reversed, and the cause remanded for further proceedings according to law.

*Wm. Hartley Pugh*, for McCammon Bros.
*M. C. Lykins*, for Mentel.